## THE NAVEMAR.

### UNITED STATES ex rel. NUNEZ et al. v. THE NAVEMAR.

#### No. 588.

District Court, E. D. New York.

Sept. 27, 1941.

Emilio Nunez, of New York City, for relators.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Raymond

Parmer, of New York City, of counsel), for Steamship Navemar.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Morris Siegal, of Brooklyn, N. Y., of counsel), for the United States.

MOSCOWITZ, District Judge.

This is a hearing on the return of a writ of habeas corpus. The writ was sought by Mr. Nunez as next friend in behalf of Louis Casaus Ardura and Angel Casaus Ardura.

It appears that they were seamen aboard the Steamship Navemar, which vessel is presently at Robbins Dock, foot of Columbia Street, Brooklyn, Kings County, and within the jurisdiction of this Court.

The claim is made that Louis Casaus Ardura and Angel Casaus Ardura are seamen, bona fide seamen, and are therefore entitled to shore leave as required by law.

These two seamen, Louis Casaus Ardura and Angel Casaus Ardura, appeared before the Immigration Inspector in the service of the United States, and after a hearing, they were denied shore leave.

This Court is not a reviewing Court of the acts of the Immigration Inspector unless it appears that the Inspector in denying shore leave acted in a capricious or arbitrary manner. The Court is not empowered to substitute its judgment for the Immigration Inspectors. Of course if there was no evidence to sustain the action of the Immigration Inspector, the Court should release the seamen for shore leave.

It appears that Louis Casaus Ardura and Angel Casaus Ardura were employed as Purser and Assistant Purser, not by the ship owner of the Steamship Navemar but by the charterer.

However, under Title 8, Section 173 of the United States Code Annotated they should be regarded as seamen.

This Act states, "The term 'seaman' shall include every person signed on the ship's articles and employed in any capacity on board any vessel arriving in the United States from any foreign port or place."

While it is true in a strict sense of these words, they were not employed by the ship, and were not paid by the ship but were employed by the charterer and paid by the charterer, nevertheless, I think that a fair construction of the quoted portion of Section 173, Title 8 of the United States Code Annotated, demonstrates that it was intended to cover a Purser or Assistant Purser or any other person employed by a charterer who signed the ship's articles. It would place a strange construction indeed upon this Section to say that men employed by a charterer, not by a ship are not entitled to be regarded as seamen under the Section of the law quoted.

I cannot find from the evidence in this case that the acts of the Immigration Inspector were capricious or arbitrary.

It might well be, that if I were to decide the issues of fact, that I would have decided it otherwise; but that is not the test upon the hearing on a writ of habeas corpus.

The evidence of these men, Louis Casaus Ardura and Angel Casaus Ardura, indicate that they did not intend to return on the Navemar and I cannot say from the facts before me that they intend to return at all. However, I am not deciding that question.

That is not the question before me. All I am deciding is whether the Immigration Inspector acted in a capricious and arbitrary way, and judging from the testimony before me, I cannot so hold.

The writ is dismissed and the petitioners Louis Casaus Ardura and Angel Casaus Ardura are remanded to the custody of the Master.